FILED

1  **DYKEMA GOSSETT** LLP
   Ashley R. Fickel (SBN 237111)
2  afickel@dykema.com
   333 South Grand Avenue, Suite 2100
3  Los Angeles, CA  90071
   Telephone:(213) 457-1800
4  Facsimile: (213) 457-1850

12 NOV -7  AM 11: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

5  Attorneys for Defendant
   ASSET ACCEPTANCE, LLC

6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORIA**

10                                      CV12-09532  MWF (FFMx)

11  GREGORY TAIT,                  | Case No.

12            Plaintiff,           | **DEFENDANT ASSET**
                                   | **ACCEPTANCE, LLC'S NOTICE**
13       v.                        | **OF REMOVAL**

14  ASSET ACCEPTANCE, LLC,         | **[28 U.S.C. § 1331]**
    GORDON & WONG LAW GROUP,
15  P.C., GORDON & WONG LAW
    GROUP, P.C., as Successor-In-Interest to
16  PECK & RAY, LLP, and DOES 1 to 10,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

---

PAS01\648487.1
ID\ARF - 019956\0999

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1    Defendant Asset Acceptance, LLC ("Asset") hereby gives notice that this
2  action is removed from the California Superior Court for the County of Los Angeles,
3  to the United States District Court for the Central District of California pursuant to 28
4  U.S.C. § 1331.  In support thereof, and for the purpose of removal only, Asset states
5  as follows:

6       1.    On October 6, 2012, Plaintiff commenced this action against Asset in
7  Los Angeles Superior Court, Case No. 12E09988.  Asset's registered agent, CT
8  Corporation System, received a copy of the summons and complaint by personal
9  service on October 18, 2012.  Copies of all process, pleadings, and orders served
10  upon Asset in such action are contained in Exhibit A filed herewith, and no other
11  proceedings have been had, pleadings filed, or orders entered.

12       2.    Plaintiff alleges Asset violated two federal statutes, the Fair Debt
13  Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Fair Credit
14  Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

15       3.    This Court has original jurisdiction over the subject action pursuant to 28
16  U.S.C. § 1331, because Plaintiff alleges Asset violated  federal statutes, which
17  involve a federal question of law.

18       4.    Pursuant to 28 U.S.C. §§ 1441 *et seq.*, this case may be removed from
19  the Los Angeles Superior Court to the United States District Court for the Central
20  District of California.

21       5.    Co-Defendants GORDON & WONG LAW GROUP, P.C., and
22  GORDON & WONG LAW GROUP, P.C., as Successor-In-Interest to PECK &
23  RAY, LLP (collectively "Gordon & Wong") consent to removal of this action.  A
24  true and correct copy of Gordon & Wong's consent form is attached as Exhibit B
25  hereto.

26       6.    Notice of this removal has been filed with the Los Angeles Superior
27  Court and served upon the Plaintiff and all parties to the case.

28

DEFENDANT ASSET ACCEPTANCE, LLC'S NOTICE OF REMOVAL

PAS01\648487.1
ID\ARF - 019956\0999

WHEREFORE, Asset Acceptance, LLC removes the subject action from the California Superior Court – County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  November 7, 2012

DYKEMA GOSSETT LLP

By: _____
Ashley R. Fickel
Attorneys for Defendant ASSET ACCEPTANCE, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DEFENDANT ASSET ACCEPTANCE, LLC'S NOTICE OF REMOVAL

PAS01\648487.1
ID\ARF - 019956\0999

# EXHIBIT A

OCT. 5. 2012  3:30PM    LASC CIVIL VAN NUYS                     NO. 7686    P. 3/5

RECD NW

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

OCT 05 2012

**BY FAX**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 0 5 2012

JOHN A. CLARKE, CLERK

BY L. NAPHEN, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Asset Acceptance, LLC, Gordon & Wong Law Group, P.C., Gordon & Wong Law Group, P.C., As Successor in Interest to Peck & Ray, LLP and Does 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gregory Tait

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Northwest District | **CASE NUMBER:**<br>*(Número del Caso):*  12E09988 |

Superior Court of California, County of Los Angeles
6230 Sylmar Avenue, Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: CRAIG ZIMMERMAN, ESQ  GLORIA HA, ESQ  @
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Craig Zimmerman, 1221 E. Dyer Rd., Ste 120, Santa Ana, CA 92705

DATE: OCT 0 5 2012     JOHN A. CLARKE    Clerk, by _____ L. NAPHEN , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**"FILE BY FAX"**

**REC'D NW**

OCT 06 2012

**BY FAX**

**FILED**

LOS ANGELES SUPERIOR COURT

OCT 06 2012

JOHN A. CLARKE, CLERK

BY L. NAPHEN, DEPUTY

Craig Zimmerman, Esq. (#167545)
Gloria Ha, Esq. (#148708)
Law Offices of Craig Zimmerman
1221 E. Dyer Road, Suite 120
Santa Ana, CA 92705
Tel: 714-933-4506  Fax: 714-545-2311
Email: gha@craigzlaw.com

Attorneys for Plaintiff
GREGORY TAIT

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES - NORTHWEST DISTRICT – LIMITED CIVIL

| | |
|---|---|
| GREGORY TAIT,<br><br>     Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC, GORDON & WONG LAW GROUP, P.C., GORDON & WONG LAW GROUP, P.C., AS SUCCESSOR IN INTEREST TO PECK & RAY, LLP, AND DOES 1 TO 10,<br><br>     Defendants. | CASE NO.  **12E09988**<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF<br><br>Jurisdiction: Over $10,000.00<br><br>**"FILE BY FAX"** |

### INTRODUCTION

1. This is an action for damages and declaratory relief brought by Plaintiff, GREGORY TAIT (hereinafter "Plaintiff"), an individual consumer, against ASSET ACCEPTANCE, LLC, a debt collection agency, GORDON & WONG LAW GROUP, P.C., and GORDON & WONG LAW GROUP, P.C., as successor in interest to Peck & Ray, LLP, (collectively, hereinafter "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et. seq. (hereinafter "RFDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA"), California Consumer Credit Reporting Agency Act, Cal. Civ. Code § 1785.1 et. seq. (hereinafter "CCRAA") and Unfair Competition under the California Business and Professions Code, Cal. Civ. Code § 17200 et. seq.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to himself which he alleges on personal knowledge.

3. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under California Civil Code §393.  Declaratory relief is available pursuant to California Code of Civil Procedure §1060.  Venue is proper in that the Defendants transact business here and the conduct complained of occurred here.

5. A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States. Cal. Civ. Proc. Code Ann. § 410.10 (West). Personal jurisdiction is established for the following Defendants because their activity within the state of California constitutes sufficient "minimum contacts." *World-Wide Volkswagen Corp. v. Woodson*, (1980) 444 U.S. 286, 291. These Defendants have an agent for service of process in California and are incorporated and/or registered in California for the purpose of carrying on their debt collection businesses. Therefore, since the Defendants availed themselves of the privileges of the State of California, it is "foreseeable" that they would have to defend a lawsuit there. *Id.* at 297.

6. ASSET ACCEPTANCE, LLC's agent for service of process is CT Corporation System located at 818 W Seventh St. Los Angeles, CA 90017.

7. GORDON & WONG LAW GROUP, P.C.'s agent for service of process is Amy Gordon, whose address for service of process is 1485 Treat Blvd. Suite 102 Walnut Creek, CA 94597.

## THE PARTIES

8. Plaintiff, GREGORY TAIT, is a natural person residing in Orange County, in the State of California.

9. Defendant, ASSET ACCEPTANCE, LLC, is registered as a Limited Liability Company in California.

Complaint for Damages and Declaratory Relief

## "FILE BY FAX"

10. Defendant, GORDON & WONG LAW GROUP, P.C., is incorporated as a Professional Corporation in California.

11. Defendant, GORDON & WONG LAW GROUP, P.C., is successor in interest to Peck & Ray, LLP with respect to the debt allegedly owed in this suit.

12. Plaintiff is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of others, engage in debt collection as that term is defined by California Civil Code §1788.2(b), are therefore debt collectors as that term is defined by California Civil Code §1788.2(c). Specifically, in this case, Defendants, in the ordinary course of business, engaged in debt collection as that term is defined by California Civil Code §1788.2(b) with regard to the debt allegedly owed by Plaintiff to the Defendant, ASSET ACCEPTANCE, LLC, which was debt originally, allegedly owed to Citi Bank/Gateway.

16. This case involves money alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

### FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants attempted to collect the debt allegedly owed by Plaintiff

Complaint for Damages and Declaratory Relief

**"FILE BY FAX"**

in the State of California.

19. Some time before February 18, 2004, Plaintiff is alleged to have incurred certain financial obligations to Defendant, ASSET ACCEPTANCE, LLC, which was originally, allegedly debt owed to Citi Bank/Gateway.

20. These financial obligations were primarily for personal family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Plaintiff takes no position as to the validity of this alleged debt.

23. On an unknown date, Citi Bank allegedly assigned the account at issue to the Defendant, ASSET ACCEPTANCE, LLC, for collection purposes. (**Exhibit "A"**).

24. Defendants filed a Complaint in Los Angeles County Superior Court for common counts, seeking to recover $2,500.65, plus prejudgment interest at the rate of 10.00 percent per year from 12/31/2000, and attorney fees. (**Exhibit "B"**).

25. Defendants state in the Case Management Statement, filed July 2, 2004, (**Exhibit "C" pg. 2**) "Plaintiff is diligently trying to serve the defendant, but has been unable to effectuate service."

26. Defendants attempted to serve process upon Plaintiff, but failed to do so. (**Exhibit "D"**).

27. The failure to serve Plaintiff resulted in a lack of notice of the lawsuit filed against him and deprived him of the opportunity to defend himself in court.

28. The address at which Defendants allege service was made, is not, and never has been, the address at which Plaintiff resides.

29. "Susan Bell" was not and never had been Plaintiff's "cotenant," nor a person with whom Plaintiff has ever resided at the particular location where service of process was effected. Therefore service of process was invalid. (**Exhibit "E"**).

30. Defendants, however, moved for default judgment. (**Exhibit "F"**).

**"FILE BY FAX"**

31. Based on the defective service of process, Defendants wrongfully procured a Writ of Execution to levy Plaintiff's bank account. **(Exhibit "G").**

32. Defendants successfully levied his account in the amount of approximately $869.42.

33. Plaintiff only discovered that there had even been a lawsuit filed against him on or around on September 20, 2012, when he realized that his bank account had been levied for the amount of approximately $869.42.

## COUNT I
## DECLARATORY RELIEF (as against all Defendants)

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. There exists a dispute over whether the Judgment entered in the underlying action was void on its face and thus subject to collateral attack at any time.

36. As a result of the foregoing, Plaintiff is entitled to declaratory relief and to have the Judgment entered on August 24, 2004 declared void on its face and thus set aside.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (as against all Defendants)
### 15 U.S.C. §§ 1692 et. seq.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. Defendants violations of the FDCPA include, but are not limited to the filing of a lawsuit in an improper venue, the false, misleading, deceptive, unfair or unconscionable practice of collection of a debt.  Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(8), and 15 U.S.C. § 1692f.

39. To be in compliance with the one-year statute of limitations for claims under the FDCPA, the complaint must be filed within one year of the discovery of the violation. *Mangum v. Action Collection Serv., Inc.* (9th Cir. 2009) 575 F.3d 935.

40. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs from Defendants.

///
///

**"FILE BY FAX"**

## COUNT III
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) (as against all Defendants)
### CAL. CIV. CODE §§1788-1788.32

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. Defendants' violations include, but are not limited to the filing of a lawsuit in an improper venue, the false, misleading, deceptive, unfair or unconscionable practice/attempted collection of a debt. Defendants violated Cal. Civ. Code §1788-1788.32.

43. Defendant collected or attempted to collect a consumer debt "by means of judicial proceedings when the Defendant knew that service of process has not been legally effected."

44. Defendant collected or attempted to collect a consumer debt "by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred."

45. To be in compliance with the one-year statute of limitations for claims under the RFDCPA, the complaint must be filed within one year of the discovery of the violation. *Mangum v. Action Collection Serv., Inc.* (9th Cir. 2009) 575 F.3d 935.

46. As a result of the above violations of the Rosenthal Act, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs from Defendants.

## COUNT IV
### FAIR CREDIT REPORTING ACT (FCRA) (as against Asset Acceptance, LLC)
### 15 U.S.C. §1681 et. seq.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The Defendant knowingly reported the status of the debt as if a valid judgment had been entered on the debt against Plaintiff.

49. However, the judgment was procured without giving notice to Plaintiff, depriving him of his "day in court." Therefore, because of this invalid service, the judgment was invalid.

## "FILE BY FAX"

50. By continuing to report the debt as if a valid judgment had been entered, Defendant willfully furnished inaccurate information to the credit reporting agency.

51. As a result of this willful conduct, Defendant is liable for attorney fees and actual, statutory, and punitive damages. The actual damages will include pecuniary losses and losses for emotional harm and humiliation, according to proof at trial.

## COUNT V
## CONSUMER CREDIT REPORTING AGENCY ACT (as against all Defendants)
## CAL. CIV. CODE § 1785.1 et. seq.

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The Defendant knowingly reported the status of the debt as if a valid judgment had been entered on the debt against Plaintiff.

54. However, the judgment was procured without giving notice to Plaintiff, depriving him of his "day in court." Therefore, because of this invalid judgment, the judgment was invalid.

55. By continuing to report the debt as if a valid judgment had been entered, Defendant willfully furnished inaccurate information to the credit reporting agency.

56. As a result of this willful conduct, Defendant is liable for attorney fees and actual, statutory, and punitive damages. The actual damages will include pecuniary losses and losses for emotion harm and humiliation, according to proof at trial.

## COUNT VI
## UNFAIR COMPETITION (as against all Defendants)
## CAL. BUS. & PROF. CODE § 17200

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. The Defendant's actions constituted unlawful, unfair, or fraudulent business practices.

59. Defendant did not properly serve process upon Plaintiff, which resulted in Defendant wrongfully obtaining a judgment against Plaintiff. Defendant used this judgment to levy Plaintiff's bank account.

60. Plaintiff was damaged because he did not have notice of the lawsuit and had no meaningful opportunity to defend himself.

61. As a result, Defendant is entitled to restitution damages.

Complaint for Damages and Declaratory Relief

**"FILE BY FAX"**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GREGORY TAIT, respectfully requests that Judgment be entered against the Defendant:

1. For declaratory relief in Plaintiff's favor setting aside the underlying Judgment as void on its face;

2. For a monetary award in an amount in excess of $10,000 but not to exceed $25,000; detailed as follows:

   (a) Plaintiff's actual damages;

   (b) $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k;

   (c) $1,000.00 statutory damages, pursuant to C.C. §1788.30(b);

   (d) $1,000.00 statutory damages, pursuant to 15 U.S.C. §1681n(a)(1)(A)

   (e) Punitive Damages for fraud and for a knowing or willful violation in the amount of not less than $100 and up to $5,000 for each violation as the court deems proper pursuant to California Civil Code §1785.31(a)(2)(B) and 15 U.S.C. §1681n(a)(1)(B)(2);

   (f) Restitution pursuant to Cal. Bus. & Prof. Code §17200;

   (g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, C.C. §1788.30(c) and 15 U.S.C. §1681n(a)(1)(B)(3);

3. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted

Dated: _10/5/2012_

By _____
Craig Zimmerman, Esq. (#167545)
Gloria Ha, Esq. (#148708)
Law Offices of Craig Zimmerman
Attorneys for Plaintiff
GREGORY TAIT

-8-
Complaint for Damages and Declaratory Relief

**"FILE BY FAX"**

# EXHIBIT "A"

## "FILE BY FAX"

LAW OFFICES OF
# PECK & RAY, LLP
301 HOWARD STREET, SUITE 830
SAN FRANCISCO, CALIFORNIA 94105

THOMAS M. RAY

OF COUNSEL
STANLEY PECK
CLIFFORD J. LIEHE

(415) 764-1400
FAX (415) 546-4181

PLEASE REFER TO FILE
03-02407-0

December 16, 2003

Gregory W. Tait
1017 Locust Ave Apt C
Long Beach, California  90813

Re:  Gregory W. Tait account balance with ASSET ACCEPTANCE LLC,
      assignee of CITI BANK/GATEWAY account.
      Amount Due: $2,500.65

Dear Gregory W. Tait:

The above account has been placed in our hands for immediate attention.  Unless you dispute the claimed obligation, we must ask that you make payment in full to this office by return mail, so that we shall not be compelled to take any further steps to enforce collection by legal action.  Your remittance should be addressed as indicated on the letterhead.  Checks may be made out to Peck & Ray, Trustee, or in the name of the creditor.

Our client has informed us that this is a valid claim and that there is no legitimate dispute as to the sum owing.  Evidence to the contrary should be sent in writing to this office immediately.

Unless you notify us within thirty days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you do notify us of a dispute, we will obtain verification of the debt and mail it to you.  Also, upon your written request within thirty days, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is the only letter we will send prior to proceeding with litigation to collect our client's account. Such action may add substantially to your costs by way of interest, attorney's fees, and court costs. Your remittance of a check in full will save you this additional expense.

### THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,



THOMAS M. RAY
TMR:tlr



**Exhibit "A"**

## "FILE BY FAX"

STATE OF MICHIGAN )
                   ) ss
COUNTY OF MACOMB )

ASSET ACCEPTANCE LLC

       Plaintiff,               )
                              )
vs                               )
                              )      AFFIDAVIT
GREGORY W TAIT              )
                              ),
       Defendant,             )

I, Audrey Cetnar being first duly sworn deposes and states:

That I am the Outsourcing Supervisor of ASSET ACCEPTANCE LLC, a Limited Liability company organized and existing under the laws of the State of Delaware and doing business at P.O. BOX 2036 WARREN, MI  48090.

That there is justly due and owing on the account by the Defendant to the Plaintiff, the sum of money set out in the attached statement of account amounting to $2500.65 representing the principal and $709.13 representing accrued interest to date.

That the said account originally with CITIBANK / CITIBANK/GATEWAY, account number 0006011767400876502, has been purchased by ASSET ACCEPTANCE LLC, who now owns said account and has all rights connected therewith including the right to institute this action.

That diligent inquiry to determine if the Defendant is in the military service of the United States of America, and have determined that Defendant is not in such military service and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 18th day of November, 2003.

_Audrey Cetnar_

Audrey Cetnar Supervisor

Subscribed and sworn to before me, a Notary Public for the State of Michigan, the 18th of November, 2003 as certified by my hand as set forth immediately below.

Notary Public, State of Michigan
Acting in Macomb County
Gregory Tasich
Commission Expires:  April 26 2004

# "FILE BY FAX"

# EXHIBIT "B"

**"FILE BY FAX"**

**SUMMONS**
*(CITATION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREGORY W. TAIT

DOES 1 TO 10, Inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ASSET ACCEPTANCE LLC

**F I L E D**
LOS ANGELES SUPERIOR COURT

JUN 2 8 2004

JOHN A. CLARKE, CLERK
By ____ EDITH ABELIAN ____ Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIF., COUNTY OF LOS ANGELES
Superior Court of Los Angeles, 6230 Sylmar Ave.
Van Nuys, CA 91401

**CASE NUMBER:**
*(Número del Caso):*
04E01629

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS M. RAY, SBN:142156/ROBERT A. PRESKILL, SBN:221315     Telephone No.: (415) 764-1400
PECK & RAY, LLP                                                Facsimile No.: (415) 546-4181
301 Howard Street, Suite 830
San Francisco, CA 94105

DATE:
*(Fecha)*   FEB 2 4 2004   JOHN A. CLARKE   Clerk, by _____ , Deputy
                                           *(Secretario)*   Angelica Salcedo   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]     **NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person
          ☐ other:
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

03-02407-0

**"FILE BY FAX"**   **ORIGINAL**

982.1(20)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| THOMAS M. RAY, SBN:142156/ROBERT A. PRESKILL, SBN:221315<br>PECK & RAY, LLP<br>301 Howard Street, Suite 830<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 764-1400   FAX NO. *(Optional):* (415) 546-4181<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff   File No.: 03-02407-0 | 7/9/04<br>I |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
- STREET ADDRESS: Superior Court of Los Angeles
- MAILING ADDRESS: 6230 Sylmar Ave.
- CITY AND ZIP CODE: Van Nuys, CA 91401
- BRANCH NAME: Northwest District/Van Nuys Courthouse East

**F I L E D**
LOS ANGELES SUPERIOR COURT

FEB 24 2004

JOHN A. CLARKE, CLERK
By ANGELICA SALCEDO   Deputy

PLAINTIFF: ASSET ACCEPTANCE LLC

DEFENDANT: GREGORY W. TAIT

☒ DOES 1 TO 10, Inclusive.

CASE NUMBER:

04E01629

| CONTRACT | |
|---|---|
| ☒ COMPLAINT | ☐ AMENDED COMPLAINT *(Number):* |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number):* |

Jurisdiction *(check all that apply):*
☒ **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded ☒ does not exceed $10,000
  ☐ exceeds $10,000, but does not exceed $25,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

1. PLAINTIFF* *(names):* ASSET ACCEPTANCE LLC

   alleges causes of action against DEFENDANT* *(names):* GREGORY W. TAIT,   and DOES 1 TO 10, Inclusive.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. a. Each plaintiff named above is a competent adult
   ☒ except plaintiff *(name):* ASSET ACCEPTANCE LLC
     ☐ a corporation qualified to do business in California
     ☐ an unincorporated entity *(describe):*
     ☒ other *(specify):* A Delaware Limited Liability Company qualified to do business in California.
   b. ☐ Plaintiff *(name):*
     ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

     ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 2c.

4. a. Each defendant named above is a natural person
   ☐ except defendant *(name):*

     ☐ a business organization, form unknown
     ☐ a corporation
     ☐ an unincorporated entity *(describe):*

     ☐ a public entity *(describe):*

     ☐ other *(specify):*

   ☐ except defendant *(name):*

     ☐ a business organization, form unknown
     ☐ a corporation
     ☐ an unincorporated entity *(describe):*

     ☐ a public entity *(describe):*

     ☐ other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
982.1(20) [Rev. July 1, 2002]

**COMPLAINT - Contract**

Code of Civ. Proc., §§ 425.12

03-02407-0

**"FILE BY FAX"**   **ORIGINAL**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ASSET ACCEPTANCE LLC v. Tait | |

**COMPLAINT – Contract**

4.  *(Continued)*
    b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
    c. ☐ Information about additional defendants who are not natural persons is contained in Complaint - Attachment 4c.
    d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
    a. ☐ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☒ a defendant lives here now.
    d. ☐ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
    ☐ Breach of Contract        ☒ Common Counts
    ☐ Other *(specify):*

9. ☒ Other: .This action is subject to the provisions of subdivision (b) of Section 395 of the Code of Civil Procedure because it arises from provisions of goods, services, loans, or extensions of credit intended primarily for personal, family or household use, other than obligations described in Section 1812.10 or Section 2584.4 of the California Civil Code.

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of $ _2,500.65_
    b. ☒ interest on the damages
        (1) ☐ according to proof
        (2) ☒ at the rate of _10.000_ percent per year from *(date):* 12/31/00
    c. ☒ attorney fees
        (1) ☐ of $ _____
        (2) ☒ according to proof.
    d. ☐ other *(specify):*

11. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

Date: February 18, 2004

**Original Bears Signature**

THOMAS M. RAY/ROBERT A. PRESKILL
    (TYPE OR PRINT NAME)

➤ _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

**"FILE BY FAX"**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ASSET ACCEPTANCE LLC v. Tait | |

| FIRST | CAUSE OF ACTION—Common Counts | Page 3 |
|---|---|---|
| (number) | | |

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: ASSET ACCEPTANCE LLC

alleges that defendant *(name)*: GREGORY W. TAIT,  and DOES 1 TO 10, Inclusive.

became indebted to  ☐ plaintiff  ☒ other *(name)*: CITI BANK/GATEWAY, plaintiff's predecessor on the account now owned by plaintiff. Plaintiff's predecessor sometimes referred to as plaintiff.

a. ☒ within the last four years
    (1) ☒ on an open book account for money due.
    (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b. ☒ within the last  ☐ two years  ☒ four years
    (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
    (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        ☐ the sum of $
        ☐ the reasonable value.
    (3) ☒ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        ☒ the sum of $2,500.65
        ☐ the reasonable value.
    (4) ☒ for money lent by plaintiff to defendant at defendant's request.
    (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
    (6) ☒ other *(specify)*:
For defendant(s) use of a CITI BANK/GATEWAY account with account number 6011767400876502, plaintiff's predecessor, for which defendant(s) promises to pay plaintiff's predecessor.  The defendant(s) account from plaintiff's predecessor was purchased by and transferred to plaintiff.  Plaintiff is the owner of defendant(s) account.

CC-2. $ _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest  ☐ according to proof  ☒ at the rate of _____ percent per year
from *(date)*:

CC-3. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
    ☐ of $
    ☒ according to proof.

CC-4. ☒ Other:
$2,500.65 which is the fixed and agreed amount unpaid despite plaintiff's demand, plus prejudgment interest at the rate of 10.000 percent per year from 12/31/00.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(22)

CAUSE OF ACTION—Common Counts

03-02407-0

CCP 425.12

**"FILE BY FAX"**

# EXHIBIT "C"

## "FILE BY FAX"

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
THOMAS M. RAY, SBN:142156/ROBERT A. PRESKILL, SBN:221315
PECK & RAY, LLP
301 Howard Street, Suite 830
San Francisco, CA 94105
TELEPHONE NO.: (415) 764-1400   FAX NO. *(Optional):* (415) 546-4181
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff        File No.: 03-02407-0

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 0 2 2004

JOHN A. CLARKE, CLERK

A. Ataryan

BY A. ATARYAN, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: Superior Court of Los Angeles
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Northwest District/Van Nuys Courthouse East

PLAINTIFF/PETITIONER: ASSET ACCEPTANCE LLC

DEFENDANT/RESPONDENT: GREGORY W. TAIT

| (Check one): | ☐ **UNLIMITED CASE** | ☒ **LIMITED CASE** |
|---|---|---|
| | **CASE MANAGEMENT STATEMENT** | |
| | (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) |

CASE NUMBER:
04E01629

A CASE MANAGEMENT CONFERENCE Is scheduled as follows:
Date:   07/09/04        Time:           Dept.: NW1        Div.:        Room:
Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one):*
    a. ☒  This statement is submitted by party *(name):* ASSET ACCEPTANCE LLC
    b. ☐  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*        JUL 0 1 2004
    a. The complaint was filed on *(date):* 2/24/04
    b. ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☒  The following parties named in the complaint or cross-complaint
        (1) ☒     have not been served *(specify names and explain why not):*
                  GREGORY W. TAIT
        (2) ☐     have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐     have had a default entered against them *(specify names):*

    c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in ☒ complaint    ☐ cross-complaint    *(describe, including causes of action):*
        Plaintiff's complaint alleges common counts cause of action.

ENTERED ONLINE #33

JUL 0 2 2004

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [New July 1, 2002]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rule 212
03-02407-0

**"FILE BY FAX"**

| PLAINTIFF/PETITIONER: ASSET ACCEPTANCE LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GREGORY W. TAIT | 04E01629 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff seeks the principal sum of $2,500.65, plus court costs attorney fees and pre-judgment interest. Defendant is avoiding service. Plaintiff is diligently trying to serve the defendant, but has been unable to effectuate service. Plaintiff respectfully requests that the court continue this hearing 60 to 90 days.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
a.  ☐  days *(specify number):*
b.  ☒  hours (short causes) *(specify):* 4

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address
g.  Party Representing:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☒ has not  provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*



**"FILE BY FAX"**

| PLAINTIFF/PETITIONER: ASSET ACCEPTANCE LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GREGORY W. TAIT | 04E01629 |

10. d.  The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☒ This case is exempt from judicial arbitration under rule 1600.5 of the California Rules of Court *(specify exemption):*
    This is a simple collection matter where the amount in dispute is small and arbitration would not reduce the probable time and expense necessary to resolve the litigation.

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
    The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Unknown at this time as the defendant has not appeared in this case.

**CASE MANAGEMENT STATEMENT**

03-02407-0

## "FILE BY FAX"

| PLAINTIFF/PETITIONER: ASSET ACCEPTANCE LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GREGORY W. TAIT | 04E01629 |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☒ The following discovery issues are anticipated *(specify)*:

   Unknown at this time as the defendant has not appeared in this case.

**18. Economic Litigation**

   a. ☒ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   The defendant has not appeared in this case.

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

   Previous case management orders in this case are *(check one)*:   ☒ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: 0**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 24, 2004

THOMAS M. RAY/ROBERT A. PRESKILL

_____
(SIGNATURE (TYPE OR PRINT NAME)

Original Bears Signature

➤ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(SIGNATURE (TYPE OR PRINT NAME)

➤ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

03-02407-0

**"FILE BY FAX"**

# EXHIBIT "D"

## "FILE BY FAX"

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
THOMAS M. RAY        SBN: 142156
PECK & RAY, LLP
301 HOWARD STREET, SUITE 830
SAN FRANCISCO, CALIFORNIA 91405

TELEPHONE NO.: (415) 764-1400
E-MAIL ADDRESS (Optional):        FAX NO. (Optional): (415) 546-4181
ATTORNEY FOR (Name):        Plaintiff

**FOR COURT USE ONLY**

F I L E D
LOS ANGELES SUPERIOR COURT

JUN 2 8 2004

JOHN A. CLARKE, CLERK
By_____ Deputy
     EDITH A. _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:        6230 N Sylmar, Van Nuys, CA. 91401
MAILING ADDRESS:
CITY AND ZIP CODE:        6230 N Sylmar, Van Nuys, CA. 91401
BRANCH NAME:        Van Nuys- Northwest Courthouse

PLAINTIFF/PETITIONER:        ASSET ACCEPTANCE, LLC

DEFENDANT/RESPONDENT:        GREGORY W. TAIT

**CASE NUMBER: 04 E 01629**

**DECLARATION OF DUE DILIGENCE**

Ref No. or File No. 03-02407-0

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action; and that after due diligent effort, I have been unable to effect personal service on the within named:
**GREGORY W. TAIT**

☒        Residence Address:        3rd address 1017 LOCUST AVE., #C, LONG BEACH, CA 90813

**DILIGENT ATTEMPTS:**
**Dates and Times:**        **Reason for Non-Service:**

06/02/04 @ 12:30 PM   Subject not available.

06/08/04 @ 06:05 PM   Subject not available.

06/11/04 @ 07:55 PM   Subject not available.

06/16/04 @ 06:35 AM   Subject not available.

06/18/04 @ 07:25 PM   Subserved SUSAN BELL, COTENANT

Person serving: Rene Uribe- Reg #4753- Los Angeles Co.

Gotcha Process Service Inc.
9701 E Artesia Blvd.
Bellflower Ca 90706
562.920.4646

Fee for Service: $103.00
Recoverable costs per C.C.P. 1033.5 (a) (4) (B)
Registered Process Server
Employee / Independent Contractor

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/18/04

_____
*(Signature of Declarant)*

**DECLARATION OF DUE DILIGENCE**

# "FILE BY FAX"

# EXHIBIT "E"

**"FILE BY FAX"**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State \_\_\_\_ number, and address)*:<br>THOMAS M. RAY    SBN: 142156<br>PECK & RAY, LLP<br>301 HOWARD STREET, SUITE 830<br>SAN FRANCISCO, CALIFORNIA 91405<br><br>TELEPHONE NO.: (415) 764-1400        FAX NO. (Optional): (415) 546-4181<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    Plaintiff | FOR COURT USE ONLY  POS-010<br><br>F I L E D<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 2 8 2004<br><br>JOHN A. CLARKE, CLERK<br>By_____EDITH ABELIAN_____Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS:    6230 N Sylmar, Van Nuys, CA. 91401<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    6230 N Sylmar, Van Nuys, CA. 91401<br>BRANCH NAME:    Van Nuys- Northwest Courthouse | |
|---|---|
| PLAINTIFF/PETITIONER:    ASSET ACCEPTANCE, LLC<br><br>DEFENDANT/RESPONDENT:    GREGORY W. TAIT | CASE NUMBER: 04 E 01629 |
| PROOF OF SERVICE OF SUMMONS | Ref No. or File No. 03-02407-0 |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and

   a. ☒ complaint
   b. ☒ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ☒ other (specify documents): CMC/ OSC; CASE ASSIGNMENT; DECLARATION PERSONAL;
      FAMILY; HOUSEHOLD OBLIGATIONS

3. a. Party served (specify name of party as shown on documents served):
      **GREGORY W. TAIT**

   b. Person served: ☐ party in item 3a ☒ other *(specify name and relationship to the party named in item 3a)*:
      **SUSAN BELL, COTENANT**

4. Address where the party was served: 3rd address 1017 LOCUST AVE., #C, LONG BEACH, CA 90813

5. I served the party (check proper box)
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): (2) at (time):
   b. ☒ by substituted service. On (date): 06/18/04 at (time): 07:25 PM I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☒ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): 06/18/04 from (city): Orange    or ☐ a declaration of mailing is attached.

      (5) ☒ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. January 1, 2004] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br><br>408813 |
|---|---|---|

**"FILE BY FAX"**

| PLAINTIFF/PETITIONER: | ASSET ACCEPTANCE, LLC | CASE NUMBER: 04 E 01629 |
|---|---|---|
| DEFENDANT/RESPONDENT: | GREGORY W. TAIT | |

c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):                                           (2) from (city):
   (3) ☐   with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)) and a postage-paid return
         envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).)
         (Code Civ. Proc., § 415.30.)
   (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐   **by other means** (specify means of service and authorizing code section):

   ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒   as an individual defendant.
   b. ☐   as the person sued under the fictitious name of (specify):
   c. ☐   On behalf of (specify):
         under the following Code of Civil Procedure section:
         ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
         ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
         ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
         ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
         ☐ 415.46 (occupant)                       ☐ 416.50 (public entity)
                                                    ☐ other:

7.   **Person who served papers**
   a.   Name:                Rene Uribe- Reg #4753- Los Angeles Co.
   b.   Address:             Gotcha Process Service, Inc.
                             9701 East Artesia Blvd., Bellflower, Ca. 90706
   c.   Telephone number:    562.920.4646
   d.   The fee for service was: $ $103.00
   e.   I am:

        (1) ☐   not a registered California process server.
        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒   registered California process server:
            (i)   ☒ Employee or independent contractor.
            (ii)  Registration No.: See 7a Above
            (iii) County: See 7a Above

8.   ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.   ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   06/18/04

Rene Uribe- Reg #4753- Los Angeles Co.
_____                    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE )

POS-010 [Rev. January 1, 2004]              PROOF OF SERVICE OF SUMMONS              Page 2 of 2

# "FILE BY FAX"

# EXHIBIT "F"

**"FILE BY FAX"**

982(a)(6)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS M. RAY, SBN: 142156<br>ROBERT A. PRESKILL, SBN 221315<br>PECK & RAY, LLP<br>301 Howard Street, Suite 830<br>San Francisco, CA  94105<br>TELEPHONE NO.: (415) 764-1400    FAX NO. (415) 546-4181<br>ATTORNEY FOR (Name): Plaintiff    File No.: 03-02407-0 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>AUG 23 2004<br><br>JOHN A. CLARKE, CLERK<br>By JAVIER G. ESPINDOLA, Deputy |

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California, County of LOS ANGELES
Northwest District/Van Nuys Courthouse East

PLAINTIFF: ASSET ACCEPTANCE LLC

DEFENDANT: GREGORY W. TAIT

| REQUEST FOR<br>(Application) | ☒ ENTRY OF DEFAULT   ☒ CLERK'S JUDGMENT<br>☐ COURT JUDGMENT | CASE NUMBER:<br>04E01629 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 2/24/04
   b. by (name): ASSET ACCEPTANCE LLC
   c. ☒ Enter default of defendant (names):
   GREGORY W. TAIT

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), (c), 989, etc., against defendant (names):

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code of Civil Procedure sections 585(d).)*
   e. ☒ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment.  Code of Civil Procedure sections 1174(c) does not apply.  (Code Civ. Proc. § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure sections 415.46.
      (2) ☒ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on (date):

2. Judgment to be entered

| | | Amount | | Credits Acknowledged | | Balance |
|---|---|---|---|---|---|---|
| a. Demand of complaint | $ | 2,500.65 | $ | | $ | 2,500.65 |
| b. Statement of damages* | | | | | | |
| (1) Special | $ | | $ | | $ | |
| (2) General | $ | | $ | | $ | |
| c. Interest | $ | 902.36 | $ | | $ | 902.36 |
| d. Costs (see reverse) | $ | 255.30 | $ | | $ | 255.30 |
| e. Attorney fees | $ | .00 | $ | | $ | .00 |
| f. TOTALS | $ | 3,658.31 | $ | | $ | 3,658.31 |

   g. **Daily damages** were demanded in complaint at the rate of:              per day beginning (date):
   $
   *(*Personal injury or wrongful death actions; Code Civ. Proc., § 425.11)*

3. ☐ (Check if filed in an unlawful detainer case) LEGAL DOCUMENT ASSISTANT OR UNLAWFUL DETAINER ASSISTANT information is on the reverse (complete item 4).

Date: August 19, 2004

THOMAS M. RAY/ROBERT A. PRESKILL                                    Original Bears Signature
_____                     ►_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☒ Default entered as requested on (date):  AUG 23 2004<br>(2) ☐ Default NOT entered as requested (state reason): |
|---|---|
| | Clerk, by: _____, Deputy |

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

03-02407-0

Page 1 of 2

Code of Civil Procedure,
§§ 585-587, 1169

"FILE BY FAX"

| SHORT TITLE:<br>ASSET ACCEPTANCE LLC v.<br>Gregory W. Tait | CASE NUMBER:<br>04E01629 |
| --- | --- |

4. **LEGAL DOCUMENT ASSISTANT OR UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, § 6400 et seq.) A legal document assistant or unlawful detainer assistant ☐ did ☒ did not for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*
   a. Assistant's name:                                                  b. Telephone No.:
   c. Street address, city, and ZIP:

   d. County of registration:
   e. Registration No.:                                 e. Expires on *(date):*

5. ☒ **DECLARATION UNDER CODE OF CIVIL PROCEDURE SECTION 585.5** *(Required for clerk's judgment under Code Civ. Proc., § 585(a))* This action
   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 etc. (Unruh Act).
   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981, etc. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☒ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **DECLARATION OF MAILING (CCP 587)** A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, each defendant's last known address as follows:
     (1) Mailed on *(date):*                   (2) To *(specify names and addresses shown on the envelopes):*
     August 19, 2004                         GREGORY W. TAIT
                                         1017 Locust Ave Apt C
                                         Long Beach, California 90813

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5 and 6 are true and correct.
Date: August 19, 2004                            Original Bears Signature

THOMAS M. RAY/ROBERT A. PRESKILL         ▶
      (TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

7. **MEMORANDUM OF COSTS** *(Required if judgment requested)* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . . $     152.30
   b. Process server's fees . . . . . . . . . . . . . . . . . $     103.00
   c. Other *(specify):*                  $
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $     255.30
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 19, 2004                            Original Bears Signature

THOMAS M. RAY/ROBERT A. PRESKILL         ▶
      (TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

8. ☒ **DECLARATION OF NONMILITARY STATUS** *(Required for a judgment)* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. Appen. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 19, 2004                            Original Bears Signature

THOMAS M. RAY/ROBERT A. PRESKILL         ▶
      (TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

**"FILE BY FAX"**

# EXHIBIT "G"

**"FILE BY FAX"**

| ATTORNEY OR PARTY WITHOUT ATTO___ (Name and Address) ☒ Recording requested by return to: | FOR COURT USE ONLY |
|---|---|
| THOMAS M. RAY / ROBERT A. PRESKILL, 142156 / 221315<br>PECK & RAY, LLP<br>301 HOWARD STREET, SUITE 830<br>SAN FRANCISCO, CALIFORNIA 94105   REF: 03-02407-0<br>TELEPHONE NO. (415) 764-1400 FAX NO. (415) 546-4181<br>☒ ATTORNEY FOR   ☒ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD | |

NAME OF COURT: Superior Court of California, County of Los Angeles
STREET ADDRESS:   6230 N Sylmar, Van Nuys, CA. 91401
MAILING ADDRESS:   6230 N Sylmar, Van Nuys, CA. 91401
CITY AND ZIP CODE:
BRANCH NAME:   Van Nuys Courthouse - Northwest

PLAINTIFF:   ASSET ACCEPTANCE, LLC
DEFENDANT:   GREGORY W. TAIT,

| WRIT OF | ☒ | EXECUTION (Money Judgment) | CASE NUMBER: |
|---|---|---|---|
| | ☐ | POSSESSION OF ☐ Personal Property<br>☐ Real Property | 04 E 01629 |
| | ☐ SALE | | |

1. To the Sheriff or any Marshal or Constable of the County of: **Los Angeles**   DEC 14 2004
You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve the writ only in accordance with CCP 699.080 or CCP 715.040.

3.  (Name): ASSET ACCEPTANCE, LLC
is the ☒ judgment creditor ☐ assignee of record   whose address is shown on this form above the court's name.

4.  Judgment debtor (name and last known address):

┌─────────────────────────────────────┐
│ GREGORY W. TAIT                      │
│ 1017 LOCUST AVE, #-C, LONG BEACH, CA 90813 │
│                                      │
│                                      │
│                                      │
└─────────────────────────────────────┘

☐ additional judgment debtors on reverse
5.  Judgment entered on (date): 08/27/04
6.  ☐ Judgment renewed on (dates):

7.  Notice of sale under this writ:
a. ☒ has not been requested.
b. ☐ has been requested (see reverse).
8.  ☐ Joint debtors information on reverse.

9.  ☐ See reverse for information on real or personal property to be delivered under a writ or possession or sold under a writ of sale
10. ☐ This writ is issued in a sister-state judgment.
11. Total judgment ...........$3,670.57
12. Cost after judgment (per filed order or memo CCP 685.090) ...........$178.00
13. Subtotal (add 11 and 12) ...........$3,848.57
14. Credit ...........$0.00
15. Subtotal (subtract 14 from 13) ...........$3,848.57
16. Interest after judgment (per filed affidavit CCP 685.050) $91.35
17. Fee for issuance of writ ...........$ 7.00
18. Total (add 15, 16 and 17) ...........$3,946.92
19. Levying officer:
(a) Add Daily interest from date or writ (at the legal rate on 15) of...............10%...$1.05
(b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.220 (b), (J)) ...........$0.00
20.[ ] The amounts called for in items 11-19 are different for each debtor The amounts are stated for each debtor on Attachment 20.

(SEAL)

Issued on JAN 0 3 2005   Clerk, by _Bao Ng_____, Deputy
JOHN A. CLARKE
Bao Nguyen

- NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION

(Continued on reverse)

"FILE BY FAX"   ORIGINAL

| SHORT TITLE<br>ASSET VS. TAIT | CASE NUMBER: 04 E 01629 |
| --- | --- |

**- Items continued from the first page -**

4. ☐ **Additional judgment debtor** *(name and last known address):*

7. ☐ **Notice of sale** has been requested by *(name and address):*

8. ☐ **Joint debtor** was declared bound by judgment (CCP 989-994)
    a.  on *(date):*
    b.  name and address of joint debtor:

    a. on *(date):*
    b. name and address of joint debtor:

    c. ☐  additional costs against certain debtors *(itemized):*

9. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. ☐ Possession or real property. The complaint was filed on (date):    **(Check (1) or (2)):**
        (1) ☐ The Prejudgment Claim or Right to Possession was served in compliance with CCP 415.46.
               The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises
        (2) ☐ The Prejudgment Claim of Writ to Possession was NOT served in compliance with CCP 415.46.
           (a) $    was the daily rental value on the date the complaint was filed.
           (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
              dates (specify):
    b. ☐ Possession of personal property
          ☐ If delivery cannot be had, then for the value (itemized in 9e) specified in the judgment or supplemental order.
    c. ☐ Sale of personal property
    d. ☐ Sale of real property
    e.  Description of property:

---

**- NOTICE TO PERSON SERVED -**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy.
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupants or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost for storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
    A Claim or Right to Possession form accompanies this writ *(unless the Summons was served in compliance with CCP 415.46)*

---

EJ-130 (Rev. January1, 1997)            **WRIT OF EXECUTION**           Page two

# "FILE BY FAX"

| SHORT TITLE: Gregory Tait vs. Asset Acceptance, LLC. et al. | CASE NUMBER: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☑ YES  TIME ESTIMATED FOR TRIAL 1 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**FILE BY FAX** CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

| SHORT TITLE: Gregory Tait vs. Asset Acceptance, LLC. et al. | | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**"FILE BY FAX"**

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Gregory Tait vs. Asset Acceptance, LLC. et al. | CASE NUMBER: |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☑ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

FILE BY FAX

| SHORT TITLE: Gregory Tait vs. Asset Acceptance, LLC. et al. | CASE NUMBER: |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>6230 Sylmar Avenue |
| --- | --- |

| CITY:<br>Van Nuys | STATE:<br>CA | ZIP CODE:<br>91401 | |
| --- | --- | --- | --- |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Van Nuys__ courthouse in the __Northwest__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __10/1/2012__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

OCT. 5. 2012 3:30PM      LASC CIVIL VAN NUYS                    NO. 7686   P. 4/50

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Law Offices of Craig Zimmerman
Craig Zimmerman, Esq. (#167545)/Gloria Ha, Esq. (#148708)
1221 E. Dyer Rd., Suite 120,
Santa Ana, CA 92705
TELEPHONE NO.: 714-933-4506      FAX NO.: 714-545-2311
ATTORNEY FOR *(Name):* Plaintiff, Gregory Tait

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

REC'D NW

OCT 0 5 2012

JOHN A. CLARKE, CLERK

BY L. NAPHEN, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Northwest District

OCT 05 2012

BY FAX

CASE NAME:
Gregory Tait vs. Asset Acceptance, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 12E09988 |
|---|---|---|
| ☐ Unlimited   ☑ Limited | ☐ Counter   ☐ Joinder | JUDGE: |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☑ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/1/2012
Gloria Ha, Esq.
_____      _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**"FILE BY FAX"**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                  **CIVIL CASE COVER SHEET**                  Page 2 of 2

## "FILE BY FAX"

OCT. 5. 2012 3:30PM   LASC CIVIL VAN NUYS   NO. 7686   P. 5/5

**CM-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Law Offices of Craig Zimmerman
Craig Zimmerman, Esq. (#167545)/Gloria Ha, Esq. (#148708)
1221 E. Dyer Rd., Suite 120,
Santa Ana, CA 92705
TELEPHONE NO.: 714-933-4506   FAX NO. *(Optional):* 714-545-2311
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*   Plaintiff, Gregory Tait

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 0 5 2012
JOHN A. CLARKE, CLERK
BY L. NAPHEN, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Northwest District

REC'D NW

OCT 05 2012

BY FAX

PLAINTIFF/PETITIONER: Gregory Tait

DEFENDANT/RESPONDENT: Asset Acceptance, LLC, et al.

CASE NUMBER: 12E09988

JUDICIAL OFFICER:

DEPT.:

**NOTICE OF RELATED CASE**

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Asset Acceptance LLC vs. Gregory W. Tait
   b. Case number: 04E01629
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: NWI
   e. Case type: [✓] limited civil   [ ] unlimited civil   [ ] probate   [ ] family law   [ ] other *(specify):*
   f. Filing date: 2/24/2004
   g. Has this case been designated or determined as "complex?"   [ ] Yes   [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims.
      [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [ ] pending
      [ ] dismissed   [ ] with   [ ] without prejudice
      [✓] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

Page 1 of 3

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**
**"FILE BY FAX"**

CM-015

| PLAINTIFF/PETITONER: Gregory Tait | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Asset Acceptance, LLC, et al. | |

2. *(continued)*

  e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

  f. Filing date:

  g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐ Additional explanation is attached in attachment 2h

  i. Status of case:
   ☐ pending
   ☐ dismissed  ☐ with  ☐ without prejudice
   ☐ disposed of by judgment

3. a. Title:

  b. Case number:

  c. Court:  ☐ same as above

     ☐ other state or federal court *(name and address)*:

  d. Department:

  e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

  f. Filing date:

  g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
    ☐ Additional explanation is attached in attachment 3h

  i. Status of case:
   ☐ pending
   ☐ dismissed  ☐ with  ☐ without prejudice
   ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 10/1/2012

Gloria Ha, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

"FILE BY FAX"

CM-015

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER:  Gregory Tait | |
| DEFENDANT/RESPONDENT:  Asset Acceptance, LLC, et al. | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   Law Offices of Craig Zimmerman,
   1221 E Dyer Rd., Ste 120, Santa Ana, CA 92705

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* 10/1/2012

   b. from *(city and state):* Santa Ana, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Asset Acceptance, LLC c/o CT Corp. Sys.
      Street address: 818 W. Seventh St.
      City: Los Angeles
      State and zip code: CA 90017

   b. Name of person served:
      Amy Gordon
      Street address: 1485 Treat Blvd. Ste 102
      City: Walnut Creek
      State and zip code: CA 94597

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/1/2012

Jose Yanez
_____
(TYPE OR PRINT NAME OF DECLARANT)

▸ _____
(SIGNATURE OF DECLARANT)

NOTICE OF RELATED CASE

## "FILE BY FAX"

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May <u>Not</u> Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May <u>Not</u> Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)  **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**  Cal. Rules of Court, rule 3.221
LASC Adopted 10-03  Page 1 of 2
For Mandatory Use

## "FILE BY FAX"

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| **Random Select Panel** | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7276 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2



"FILE BY FAX"

# EXHIBIT B

TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendants
Gordon & Wong Law Group, P.C.
and Gordon & Wong Law Group, P.C.,
as successor-in-interest to Peck & Ray, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TAIT, | CASE NO.: *CV12-09532 MWF(FFM)* |
| Plaintiff, | |
| | **CONSENT TO REMOVAL BY DEFENDANT GORDON & WONG LAW GROUP, P.C.** |
| vs. | |
| ASSET ACCEPTANCE, LLC, GORDON & WONG LAW GROUP, P.C., GORDON & WONG LAW GROUP, P.C., AS SUCCESSOR IN INTEREST TO PECK & RAY, LLP, AND DOES 1 TO 10, | |
| Defendants. | |

1      TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD,

2 PLEASE TAKE NOTICE THAT:

3      WHEREAS, on October 6, 2012, a complaint was filed against Asset

4 Acceptance, LLC ("Asset"), Gordon & Wong Law Group, P.C. and Gordon &

5 Wong Law Group, P.C., as successor-in-interest to Peck & Ray, LLP (collectively,

6 "Gordon & Wong") by plaintiff Gregory Tait ("Plaintiff") in the action pending in

7 the Superior Court of the State of California in and for the County of Los Angeles,

8 entitled *Tait v. Asset Acceptance, LLC, et al.,* Case No. 12E09988.

9      WHEREAS, this action is a civil action of which this Court has original

10 jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court

11 pursuant to the provisions of 28 U.S.C. § 1441(b), given that the Complaint asserts

12 claims against Defendants, which arise under federal law, specifically, the Fair

13 Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Fair Credit

14 Reporting Act, 15 U.S.C. § 1681, *et seq.*;

15      WHEREAS, defendant Asset Acceptance, LLC seeks to remove this action

16 to this Court, and

17      THEREFORE, the Gordon & Wong defendants hereby consent to the

18 removal of this action.

19

20 DATED: November __, 2011      On Behalf Of Defendants Gordon & Wong
21                            Law Group, P.C. and Gordon & Wong Law
                              Group, P.C., as successor-in-interest to Peck
22                            & Ray, LLP

23

24                         By:

25                             Mitchell L. Wong
                            Litigation Counsel
26                             Gordon & Wong Law Group, P.C.

27

28

1

## PROOF OF SERVICE

2

(Code Civ. Proc. §§ 1013 and 2015.5)

3

     I am employed in the County of Los Angeles, State of California.  I am over

4

the age of 18 and not a party to the within action.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California  90071.

5

6

     On November 7, 2012, I served the foregoing document described as **DEFENDANT ASSET ACCEPTANCE, LLC'S NOTICE OF REMOVAL** on all interested parties in this action as follows:

7

## SEE ATTACHED SERVICE LIST

8

9

☒   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and

10

processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully

11

prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

12

cancellation date or postage meter date is more than one day after date of

13

deposit for mailing on affidavit.

14

☐   **(BY PERSONAL SERVICE)** I caused the above entitled document to be

15

hand-delivered to the parties listed above.

16

☒   (Federal) I declare that I am employed in the office of a member of the bar of

17

this court at whose direction the service was made.

18

Executed on November 7, 2012, at Los Angeles, California.

19

20

*Lynn Spencer*

LYNN SPENCER

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SERVICE LIST

Craig Zimmerman, Esq                    ***Attorneys for Plaintiff***
Gloria Ha, Esq.                          Gregory Tait
LAW OFFICES OF CRAIG ZIMMERMAN
1221 E. Dyer Road, Suite 120
Santa Ana, CA 92705
Tel:        (714) 933-4506
Fax:        (714) 545-2311
Email:      gha@craigzlaw.com

Tomio B. Narita, Esq.                    ***Attorneys for Co-Defendants***
SIMMONDS & NARITA LLP                    Gordon & Wong Law Group, P.C.
44 Montgomery Street, Suite 3010         and Gordon & Wong Law Group,
San Francisco, CA 94104                  P.C., as successor-in-interest to
Tel:        (415) 283-1000               Peck & Ray, LLP
Fax:        (415) 352-2625
Email:      tnarita@snllp.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 9532 MWF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GREGORY TAIT | ASSET ACCEPTANCE, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Craig Zimmerman, Esq. Law Offices of Craig Zimmerman 1221 E. Dyer Road, Suite 120, Santa Ana, CA 92705    (714) 933-4506 | Ashley R. Fickel, Esq. Dykema Gossett LLP 333 South Grand Avenue, Suite 2100, Los Angeles, CA 90071 (213) 457-1800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1331

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-09532

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or
      ☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or
      ☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
      ☐ D.   Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Michigan | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _~~signature~~_   Date   11/7/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

(Code Civ. Proc. §§ 1013 and 2015.5)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On November 7, 2012, I served the foregoing document described as **CIVIL COVER SHEET** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐ **(BY PERSONAL SERVICE)** I caused the above entitled document to be hand-delivered to the parties listed above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 7, 2012, at Los Angeles, California.

LYNN SPENCER

## SERVICE LIST

Craig Zimmerman, Esq
Gloria Ha, Esq.
LAW OFFICES OF CRAIG ZIMMERMAN
1221 E. Dyer Road, Suite 120
Santa Ana, CA 92705
Tel:        (714) 933-4506
Fax:        (714) 545-2311
Email:      gha@craigzlaw.com

*Attorneys for Plaintiff*
Gregory Tait

Tomio B. Narita, Esq.
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
Tel:        (415) 283-1000
Fax:        (415) 352-2625
Email:      tnarita@snllp.com

*Attorneys for Co-Defendants*
Gordon & Wong Law Group, P.C.
and Gordon & Wong Law Group,
P.C., as successor-in-interest to
Peck & Ray, LLP

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071