TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendants
Gordon & Wong Law Group, P.C.,
Individually and as successor in interest
to Peck & Ray, LLP

ASHLEY R. FICKEL (SBN 237111)
afickel@dykema.com
DYKEMA GOSSETT LLP
333 South Grand Avenue, Ste. 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Defendant
Asset Acceptance, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TAIT,<br><br>          Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC, GORDON & WONG LAW GROUP, P.C., GORDON & WONG LAW GROUP, P.C., AS SUCCESSOR IN INTEREST TO PECK & RAY, LLP, AND DOES 1 TO 10,<br><br>          Defendants. | CASE NO. CV12-9532 MWF (FFMx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS**<br><br>Date:      January 28, 2013<br>Time:      10:00 a.m.<br>Crtrm.:    1600<br><br>The Honorable Michael W. Fitzgerald |

1      TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on January 28, 2013, at 10:00 a.m., or as soon

3 thereafter as the matter may be heard in Courtroom 1600 of this Court, which is

4 located at 312 N. Spring Street, Los Angeles, California, 90012, the Honorable

5 Michael W. Fitzgerald presiding, defendants Asset Acceptance, LLC ("Asset") and

6 Gordon & Wong Law Group, P.C., both individually and as successor in interest to

7 Peck & Ray, LLP ("Gordon & Wong") ("Defendants") will and hereby do move this

8 Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9 Procedure, dismissing the claims made against it in the Amended Complaint.

10      This motion is made following the conference of counsel pursuant to Local

11 Rule 7-3 which took place telephonically on December 10, 2012.  Counsel for Asset

12 and Counsel for Gordon & Wong informed counsel for Tait that Defendants intended

13 to file a motion to dismiss on the grounds that all of the claims are barred under the

14 *Rooker-Feldman* doctrine.

15      This motion is made on the grounds that the Amended Complaint fails to state

16 facts sufficient to constitute a cause of action against Defendants under any of the

17 theories that have been plead.

18      The Motion will be based on this Notice of Motion and Motion, the

19 Memorandum of Points and Authorities and Request For Judicial Notice in Support

20 of the Motion, all of the other papers on file in this action, and such other and further

21 evidence or argument as the Court may allow.

22

23 DATED: December 20, 2012      SIMMONDS & NARITA LLP

24

25                    By:   s/Lindsey A. Morgan

26                       Lindsey A. Morgan
                         Attorneys for Defendants

27                       Gordon & Wong Law Group, P.C.
                         Individually and as successor in interest

28                       to Peck & Ray, LLP

1

2    DATED: December 20, 2012          DYKEMA GOSSETT LLP
                                        ASHLEY R. FICKEL
3

4
                                        By:   s/Ashley R. Fickel
5                                             Ashley R. Fickel
                                              Attorneys for Defendant
6                                             Asset Acceptance, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  The State Court Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  The Federal Court Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.  The Law Governing The *Rooker-Feldman* Doctrine . . . . . . . . . . . . . . 5

    C.  Tait's Claims Are Barred By The *Rooker-Feldman* Doctrine . . . . . . . . 8

    D.  Tait's Claims Are Barred By Collateral Estoppel. . . . . . . . . . . . . . . . 10

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Bianchi v. Rylaarsdam*
334 F.3d 895 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Bryant v. Gordon & Wong Group, P.C.*
681 F. Supp. 2d 1205 (E.D. Cal. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

*Conley v. Gibson*
355 U.S. 41, 45-46 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*District of Columbia Court of Appeals v. Feldman*
460 U.S. 462 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Doe & Assocs. Law Offices v. Napolitano*
252 F.3d 1026 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*
544 U.S. 280 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fleming v. Gordon & Wong Law Group, P.C.*
723 F. Supp. 2d 1219 (N.D. Cal 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*Grant v. Unifund CCR Partners, et al.*
842 F. Supp. 2d 1234 (C.D. Cal. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

*In Re Green*
198 B.R. 564 (B.A.P. 9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In Re Younie*
211 B.R. 367 (B.A.P. 9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Riverside Healthcare Sys., L.P.*
534 F.3d 1116, 1121 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kelly v. Med-1 Solutions, LLC*
548 F.3d 600 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

*Migra v. Warren City School Dist. Bd. Of Educ.*
465 U.S. 75 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Moss v. United States Secret Serv.*
572 F.3d 962, 969 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Parkland Hosiery Co. v. Shore*
429 U.S. 322 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rooker v. Fidelity Trust Co.*
263 U.S. 413 (1923). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Reusser v. Wachovia Bank, N.A.*
515 F.3d 855 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

*Williams v. Cavalry Portfolio Services, LLC*
2010 WL 2889656 (C.D. Cal. July 20, 2010). . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

**STATE CASES**

*Fitzgerald v. Herzer*
78 Cal. App. 2d 127 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Murray v. Alaska Airlines, Inc.*
50 Cal. 4th 860 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Simms*
32 Cal. 3d 468 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    28 U.S.C. § 1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
    Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

**STATE STATUTES**

California Code of Civil Procedure,
    § 585(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Business & Professions Code,
    § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Rosenthal Fair Debt Collection Practices Act,
    Cal. Civ. Code §§ 1788, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## I.   INTRODUCTION

In 2004, plaintiff Gregory Tait ("Tait") was served with the summons and complaint in a lawsuit that had been filed against him in the Superior Court of California, County of Los Angeles, by defendant Asset Acceptance, LLC ("Asset").[1] Tait never responded to the complaint.  On August 27, 2004, the court clerk entered a default judgment against Tait and in favor of Asset in the amount of $3,670.57.  Tait has never moved to set aside the judgment.

On October 5, 2012, Tait filed his complaint in this action, and in response to Defendants' motion to dismiss, he filed an amended on November 27, 2012.  See Docket No. 10. Tait wants the trier of fact in this Court to find that:  1) he was never served with the state court complaint,  2) the judgment against him was "fraudulently obtained" and is therefore "invalid," and 2) his account was wrongfully levied by defendant Gordon & Wong Law Group, P.C. (individually and as a successor in interest to Peck & Ray, LLP) ("Gordon & Wong").  In other words, Tait is pursuing claims which would require this Court to make factual findings that would directly undermine the validity of the state court judgment entered against him.  The judgment is based upon a finding that Tait <u>was</u> properly served with the complaint, that he <u>does</u> owe the debt, and that he <u>is</u> liable to Asset in the amount of $3,670.57.

Tait cannot prevail on his claims in this Court without attacking the findings that underlie the judgment. The *Rooker-Feldman* doctrine bars claims like these,

---

[1] A copy of the complaint filed against Tait in *Asset Acceptance, LLC v. Gregory W. Tait*, case number 04E01629, Superior Court of California, County of Los Angeles (hereinafter, the "State Court Action"), and the proof of service of the summons and complaint, are attached as Exhibits A and B, respectively, to the Request For Judicial Notice In Support Of Defendants' Motion To Dismiss ("RJN").

1   made by state court losers, like Tait, who file subsequent federal court actions that

2   seek to undermine state court judgments.[2]

3        The claims here are also barred by the doctrine of collateral estoppel.  Even a

4   judgment obtained by default is conclusive as to all the issues raised by the

5   complaint.  Thus, the state court judgment and the findings that underlie it are as

6   binding on Tait as if the judgment had been entered after a full trial on the merits.

7   For each of these reasons, Defendants respectfully request that the Court grant this

8   motion to dismiss all of the claims in the Amended Complaint.  Further, because Tait

9   has already had an opportunity to amend his claim, granting him leave to amend will

10  be futile.  The Amended Complaint should be dismissed without leave to further

11  amend.

12  **II.   STATEMENT OF FACTS**

13       **A.   The State Court Action**

14       On February 4, 2004, the attorneys at nonparty Peck & Ray, LLP ("Peck &

15  Ray") filed a lawsuit against Tait to attempt collection efforts on the judgment on

16  Asset's behalf.  *See* RJN, Ex. A.  Peck & Ray hired a process server to serve Tait

17  with the summons and complaint.  *See* RJN, Ex. B.  After making several attempts to

18  personally serve Tait, the process server perfected substituted service on him by

19  leaving the summons and complaint with Susan Bell, Tait's co-tenant, on June 18,

20  2004, and by mailing to Tait that same day copies of the Summons and Complaint,

21  Notice of Case Assignment, Alternative Dispute Resolution Package, and

22  Declaration of Personal, Family and Household Obligations.  *See* RJN, Ex. B.

23       On August 23, 2004, Asset filed a request for entry of default judgment against

24  Tait.  *See* RJN Ex. C.  On August 27, 2004, the court clerk entered judgment against

25  Tait and in favor of Asset in the amount of $3,670.57.  *See* RJN Ex. D.  Asset

26  thereafter filed a Writ of Execution on January 3, 2005.  *See* RJN Ex. E.

27

28      [2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

B.     **The Federal Court Action**

On October 5, 2012, Tait filed the present action in Los Angeles Superior Court.  Asset removed the action to this Court on November 7, 2012 and moved to dismiss the Complaint on November 14, 2012.  *See* Docket 5.  Tait then filed his Amended Complaint on November 27, 2012.  *See* Docket 7.

Tait alleges that Defendants failed to properly serve him, either by personal service or substituted service.  Amended Complaint, ¶¶ 23-28.  He claims that a judgment was entered against him, and that based on "the fraudulently procured judgment" the Defendants "fraudulently procured a Writ of Execution to levy Plaintiff's bank account" and that they wrongfully obtained $869.42 from his account.  *See id.* at ¶¶ 30-32.

III.   **ARGUMENT**

A.     **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure provide little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*.

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") represent a significant shift in the analytical framework that courts must use when evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See Twombly*, 550 U.S. at 562-63.  The Court clarified that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  The complaint must contain factual allegations, and they "must be enough to raise a right

1  to relief above the speculative level." *Id*.  There must be sufficient facts pled to state

2  a claim to relief that is "plausible on its face." *Id*. at 570.

3       The Supreme Court refined its analysis even further in *Iqbal*, reiterating that

4  Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me

5  accusation." *Iqbal*, 556 U.S. at 678.  Only a complaint that states "a plausible claim

6  for relief" can survive a motion to dismiss.  *Id.* at 679.  "A claim has facial

7  plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged. . . The

9  plausibility standard is not akin to a 'probability requirement,' but it asks for more

10  than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  A

11  complaint that contains facts which are "merely consistent with" defendant's liability

12  is not sufficient, because it "stops short of the line between possibility and the

13  plausibility of entitlement to relief.  *Id*.  (citations and quotation marks omitted).

14       The court should not assume the truth of legal conclusions in the complaint.

15  *Id*.  Thus, the first step when evaluating a motion to dismiss is to identify the legal

16  conclusions, because they "are not entitled to the assumption of truth.  While legal

17  conclusions can provide the framework for a complaint, they must be supported by

18  factual allegations." *Id*. at 679.  Next, with respect to any "well-pleaded factual

19  allegations" in the complaint "a court should assume their veracity and then

20  determine whether they plausibly give rise to an entitlement to relief." *Id.*  The

21  determination of whether a plausible claim for relief has been stated is "a

22  context-specific task" that requires a court to "draw on its judicial experience and

23  common sense." *Id.*

24       Dismissal is therefore proper under Rule 12(b)(6) where a court finds either: 1)

25  the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged

26  under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*, 534

27  F.3d 1116, 1121 (9th Cir. 2008).  As the Ninth Circuit has observed: "In sum, for a

28  complaint to survive a motion to dismiss, the non-conclusory factual content, and

1  reasonable inferences from that content, must be plausibly suggestive of a claim

2  entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962,

3  969 (9th Cir. 2009) (internal quotation marks omitted).

4       Tait has not pled facts sufficient to support a plausible claim for relief against

5  Defendants under any of the statutory provisions cited in his Amended Complaint

6  consistent with the pleading requirements of Rule 8 and the decisions in *Iqbal* and

7  *Twombly*.  The Amended Complaint must be dismissed.

8       **B.    The Law Governing The *Rooker-Feldman* Doctrine**

9       The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers

10  complaining of injuries caused by state-court judgments rendered before the district

11  court proceedings commenced and inviting district court review and rejection of

12  those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,

13  284 (2005).  "The purpose of the doctrine is to protect state judgments from

14  collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026,

15  1029 (9th Cir.2001).  *Rooker-Feldman* prevents litigants from attacking the finding

16  underlying a state court judgment by filing a subsequent federal lawsuit, "no matter

17  how erroneous or unconstitutional the state court judgment may be (citations)."

18  *Kelly v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).  The *Rooker-*

19  *Feldman* doctrine "applies not only to claims that were actually raised before the

20  state court, but also to claims that are **inextricably intertwined** with state court

21  determinations." *Id*. (citation omitted, emphasis added).

22       Thus, the *Rooker-Feldman* doctrine can apply even if the plaintiff has not

23  explicitly referred to the state court judgment, nor directly contested the merits of the

24  judgment.  A claim made in federal court is "inextricably intertwined" with a state

25  court decision and constitutes an impermissible *de facto* appeal if "the adjudication

26  of the federal claims would **undercut the state ruling or require the district court**

27  **to interpret the application of state laws or procedural rules** . . . ." *Reusser v.*

28  *Wachovia Bank, N.A.*, 515 F.3d 855, 859 (9th Cir. 2008) (emphasis added), *quoting*

1   *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Doe &*

2   *Associates*, 252 F.3d at 1030 ("Where the district court must hold that the state court

3   was wrong in order to find in favor of the plaintiff, the issues presented to both

4   courts are inextricably intertwined.").

5       In *Kelly*, the plaintiffs alleged that the state court judgments obtained by

6   defendants included sums for attorneys' fees that were not permitted by contract or

7   law. *See Kelley,* 548 F.3d at 602. According to Plaintiffs, their FDCPA claims were

8   not barred by the *Rooker-Feldman* doctrine, because they were only challenging

9   "defendants' *representations* and *requests* related to attorney fees, and not the state

10  court judgments granting those requests." *Id*. at 604. The *Kelly* court rejected this

11  argument, however, noting that the state court had already determined the attorney's

12  fees were proper, and the district court lacked jurisdiction to rule that the holding

13  was erroneous:

14      Because defendants needed to prevail in state court in order to capitalize on
        the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us
15      to evaluate the state court judgments. We could not determine that defendants'
        representations and requests related to attorney fees violated the law without
16      determining that the state court erred by issuing judgments granting the
        attorney fees.
17
    *Id.* at 605.
18
        This Court, and other district courts in California, have held that the *Rooker-*
19
    *Feldman* doctrine bars litigants from pursuing FDCPA claims based on the allegation
20
    that a default judgment was improper because the debtor was not served, or claims
21
    based on the allegation that the debtor does not owe the debt as adjudicated by the
22
    state court. *See Grant v. Unifund CCR Partners, et al.,* 842 F. Supp. 2d 1234 (C.D.
23
    Cal. 2012); *Bryant v. Gordon & Wong Group, P.C.*, 681 F. Supp. 2d 1205 (E.D. Cal.
24
    2010); *Williams v. Cavalry Portfolio Services, LLC*, 2010 WL 2889656 (C.D. Cal.
25
    July 20, 2010); *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F. Supp. 2d 1219
26
    (N.D. Cal 2010).
27
        In *Grant*, plaintiff filed FDCPA and state law claims against a debt buyer,
28
    alleging that the default judgment entered against her was improper, because she

allegedly was never served with the complaint, did not owe the money, and because the judgment was based on "false and fraudulent" affidavits.  *See Grant*, 842 F. Supp. 2d at 1239.  This Court held that all the claims were barred by *Rooker-Feldman*:

> Were the Court to rule that Unifund CCR committed any of those alleged wrongs, it "would undercut the state ruling" that plaintiff was in fact served with a copy of the summons and complaint, owed the debt to Unifund CCR, and authorized Unifund CCR to execute a Writ of Execution. Accordingly, pursuant to the Rooker– Feldman doctrine, the Court cannot entertain any claims premised on those alleged wrongs.

*Id*. (citation omitted).

In *Bryant*, the plaintiff sued a law firm under the FDCPA and Rosenthal Act, claiming he had never been served with the collection complaint, and that "out of the blue" he discovered his checking and savings accounts had been garnished.  *See Bryant*, 681 F. Supp. 2d at 1206.  The court noted that by "disputing the garnishment of his accounts, Plaintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment."  *Id*. at 1208.  Summary judgment was granted for defendant under the *Rooker-Feldman* doctrine, because plaintiff's claims sought to undermine the judgment entered against him:

> The net effect is that Plaintiff is seeking to undermine the state court judgments.  These judgments were rendered before the current district court proceeding, and any action by this Court in favor of Plaintiff on his FDCPA or RFDCPA claims would necessarily require review of those state court judgments.  The *Rooker-Feldman* doctrine specifically bars this Court from doing so.  If Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy.  This Court lacks jurisdiction to provide redress for Plaintiff's claims.

*Id.*

Similarly, in *Williams*, the plaintiff's FDCPA claims challenged a default judgment entered against him in a collection action.  *See Williams*, 2010 WL 2889656 at *1.  He claimed he had never been served with the complaint, and that he did not owe the money.  *Id*. at *3.  This Court observed that plaintiff's claims hinged on two issues: 1) whether plaintiff was liable for the debt, and 2) whether plaintiff

1    was properly served.  *Id.*  In finding the plaintiff's claims barred by *Rooker-Feldman*,

2    this Court reasoned:

> By way of default judgment, the state court found that Plaintiff was properly
> served and that he is liable for the debt. [citation omitted].  For this Court to
> exercise jurisdiction over these claims would be to review and undermine the
> state-court judgment.  Plaintiff is essentially the losing party in state court who
> seeks relief from the default judgment.  Such relief is precluded by *Rooker-
> Feldman*. [citations omitted].

6    *See id.*

7        Finally, in *Fleming*, plaintiff alleged that a law firm had violated the FDCPA

8    by attempting to garnish an amount that was not authorized by the Writ of Execution

9    issued following entry of a default judgment.  *See Fleming*, 723 F. Supp. 2d at 1222-

10   23.  The court rejected the claim and granted summary judgment for defendant.  "To

11   evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt

12   recognized by the state court in the May 2009 Writ of Execution. . . . [T]here is no

13   question that the *Rooker- Feldman* doctrine bars a district court from reviewing an

14   FDCPA claim that challenges the validity of a debt authorized by a state court

15   judgment."  *Id.*

16       **C.    Tait's Claims Are Barred By The *Rooker-Feldman* Doctrine**

17       Every one of Tait's claims seeks to attack the validity of the state court

18   judgment against him.[3]  Tait claims he was never served with the summons and

19   complaint in the State Court Action, and thus the judgment against him was

20   "fraudulently obtained" and therefore is "invalid."  *See* Amended Complaint, ¶¶ 30-

21   31, 34, 47, 52.  When the state court entered judgment against Tait, however, it

22   necessarily found that he had been properly served.  *See* RJN, Ex. D ("Having been

23

24   _____

25       [3] Tait brings claims for violation of the Fair Debt Collection Practices Act, 15

26   U.S.C. §§ 1692, *et seq.* ("FDCPA"); the California Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §§ 1788, *et seq.;* the Fair Credit Reporting Act, 15 U.S.C.

27   §§ 1681, *et seq.*; the California Consumer Credit Reporting Agencies Act, Cal. Civ.

28   Code §§ 1785, *et seq.*; and the Unfair Competition Law, Cal. Bus. & Prof. Code §§

17200 *et seq.*

1  served with a copy of the summons and complaint and having failed to answer

2  complaint of plaintiff . . . "); *see also* Cal. Code Civ. Proc. § 585(a) (requiring proper

3  service upon defendant before judgment by default may be entered); *see also Bryant*,

4  681 F. Supp. 2d at 1208; *Williams*, 2010 WL 2889656 at *3.

5      In order to prevail here, Tait must ask this Court to make a finding that is

6  directly contrary to the findings that underlie the judgment.  He is requesting that the

7  Court decide that he was never served, that the failure to serve was intentional, and

8  the judgment was obtained by fraud and is "invalid."  His claims for unfair debt

9  collection and credit reporting practices rely upon this requested finding.  His claims

10  are "inextricably intertwined" with the judgment, because an adjudication in his

11  favor here "would undercut the state ruling or require the district court to interpret

12  the application of state laws or procedural rules . . . ."  *See Reusser*, 515 F.3d at 859;

13  *see also Bryant*, 681 F. Supp. 2d at 1208; *Williams*, 2010 WL 2889656 at *3.

14      Tait also claims that the levy on his bank account was improper.  *See* Amended

15  Complaint, ¶¶ 31-33, 57.  Again, the state court entered judgment against Tait and in

16  favor of Asset.  It has adjudicated that he does, in fact, owe the debt.  *See* RJN, Ex.

17  D.  Tait has never moved to set the judgment aside.  Asset had a legal right to enforce

18  the judgment using the Writ of Execution, and therefore Tait cannot claim that his

19  funds were improperly obtained pursuant to the Writ.  *See Bryant*, 681 F. Supp. 2d at

20  1208; *Fleming*, 723 F. Supp. 2d at 1222-23.

21      Here, as in *Grant, Kelly*, *Bryant*, *Williams* and *Fleming*, each claim that Tait

22  seeks to pursue require him to establish facts that would undermine the validity of

23  the state court judgment.  The Court cannot credit these claims without holding that

24  the state court erred when it entered judgment for Asset.  The *Rooker-Feldman*

25  doctrine prevents the Court from exercising subject matter jurisdiction over Tait's

26  claims.  *See Bianchi*, 334 F.3d at 898 (district court lacks subject matter jurisdiction

27  if claims raised in federal action are inextricably intertwined with state court

28  decision).  Dismissal of Tait's action is proper.

1

**D.    Tait's Claims Are Barred By Collateral Estoppel**

2        The result is the same if Tait's claims are analyzed under traditional principles

3  of collateral estoppel.  Tait is estopped from pursuing claims in this action which

4  conflict with the state court's findings that he was properly served with the state

5  court complaint, and that he is liable to Asset for the amount of the judgment.  As the

6  California Supreme Court recently observed:

> The doctrine of collateral estoppel, or issue preclusion, is firmly embedded in
> both federal and California common law.  It is grounded on the premise that
> 'once an issue has been resolved in a prior proceeding, there is no further
> fact-finding function to be performed.' (*Parkland Hosiery Co. v. Shore* (1979)
> 429 U.S. 322, 336, fn. 23, 99 S.Ct. 645, 58 L.Ed.2d 552). 'Collateral estoppel
> ... has the dual purpose of protecting litigants from the burden of relitigating
> an identical issue with the same party or his privy and of promoting judicial
> economy, by preventing needless litigation.'

13  *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 864 (2010) (citation omitted).

14  Where, as here, there is a subsequent action between two parties involving different

15  claims, collateral estoppel "operates as an estoppel or conclusive adjudication as to

16  such issues in the second action which were actually litigated and determined in the

17  first action."  *Id*. at 867.

18        Tait may argue that nothing was "actually litigated" in the State Court Action,

19  because Asset obtained a judgment by default.  This is incorrect.  Federal courts

20  "must give to a state-court judgment the same preclusive effect as would be given

21  that judgment under the law of the state in which the judgment was rendered."

22  *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984); 28 U.S.C. §

23  1738.  California law is clear that a default judgment will satisfy the "actually

24  litigated" requirement of collateral estoppel as to all issues that were necessary to the

25  entry of the judgment.  *See, e.g., People v. Simms*, 32 Cal. 3d 468, 481 (1982) ("Even

26  a judgment of default in a civil proceeding is res judicata as to all issues aptly

27  pleaded in the complaint and defendant is estopped from denying in a subsequent

28  action any allegations contained in the former complaint") (internal quotation marks

1    omitted) (citing *Fitzgerald v. Herzer*, 78 Cal. App. 2d 127, 131 (1947)); *see also In*
2    *Re Green*, 198 B.R. 564, 566 (B.A.P. 9th Cir. 1996) (same; applying California law).

3         Thus, the judgment in the State Court Action has preclusive effect even though
4    Tait never responded to the complaint.  *See, e.g., Fitzgerald,* 78 Cal. App. 2d at 132
5    ("A judgment by default is as conclusive as to the issues tendered by the complaint
6    as if it had been rendered after answer filed and trial had on allegations denied by the
7    answer."); *In re Younie*, 211 B.R. 367, 374-75 (B.A.P. 9th Cir. 1997) (applying
8    California law; giving collateral estoppel effect to a default judgment on fraud claim
9    entered after debtor failed to respond).

10        Here, Tait's claims are barred by collateral estoppel, because he is seeking to
11   re-litigate issues that were conclusively established against him in the State Court
12   Action.  The default judgment against Tait was based upon a finding that he was
13   served with the complaint, that he failed to respond to it, and that Asset was entitled
14   to the judgment amount against him.  The levy was valid because it is based upon the
15   judgment.  Tait cannot pursue claims in this case which seek to adjudicate that he
16   was not served with the complaint, that the judgment should be set aside, or that his
17   funds were improperly obtained by the writ.

18   **IV.   CONCLUSION**

19        All of the claims asserted by Tait fail because they are barred as a matter of
20   law by the *Rooker-Feldman* doctrine and by principles of collateral estoppel.  For the
21   foregoing reasons, the Court should dismiss Tait's Amended Complaint.  Further,
22   Tait has already amended his complaint, and there clearly are no additional facts he
23   can plead which will allow him to clear the *Rooker-Feldman* hurdle.  The motion to
24   dismiss should be granted without leave to amend.  Judgment should be entered for
25   Defendants.
26   //
27   //
28   //

1  DATED: December 20, 2012        SIMMONDS & NARITA LLP
2                                  TOMIO B. NARITA
                                   LINDSEY A. MORGAN
3

4
                                   By:   s/Lindsey A. Morgan
5                                        Lindsey A. Morgan
                                         Attorneys for Defendant
6                                        Gordon & Wong Law Group, P.C.
7
   DATED: December 20, 2012        DYKEMA GOSSETT LLP
8                                  ASHLEY R. FICKEL
9

10
                                   By:   s/Ashley R. Fickel
11                                       Ashley R. Fickel
                                         Attorneys for Defendant
12                                       Asset Acceptance, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28